**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHARITY HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:23-cv-2392-MAB** |
| | ) | |
| **DG RETAIL, LLC D/B/A DOLLAR GENERAL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court based upon Defendant DG Retail's Motion to Dismiss for Lack of Prosecution (Doc. 22) and Plaintiff Charity Hall's failure to respond to the Court's Order directing Plaintiff to respond to Defendant's Motion to Dismiss (Doc. 24).

Plaintiff filed this lawsuit in July 2023 pursuant to the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), seeking redress for Defendant's alleged deprivation of her disability and leave entitlements as an employee of DG Retail (Doc. 1). On August 1, 2023, the parties filed an Agreed Motion to Compel Arbitration of Plaintiff's claims, based on the Dollar General Arbitration Agreement that Plaintiff electronically entered on or around April 1, 2020 through Dollar General's hiring system (Doc. 10). The Court granted the parties' joint motion to compel arbitration and stayed the case until the parties jointly informed the Court that arbitration was complete (Doc. 12). This case was stayed for three

years pending the outcome of arbitration. On July 14, 2026, the Court ordered the parties to file a joint status report advising the Court on the status of the arbitration proceedings (Doc. 14). Shortly after the Court's order, Plaintiff's counsel filed a motion to withdraw as attorney for Plaintiff (Doc. 15). The Court set Plaintiff's counsel's motion to withdraw as attorney for a ZOOM hearing on August 18, 2026 and directed Plaintiff's counsel to provide the ZOOM link to Plaintiff as well (Doc. 16).

On August 18, 2026, shortly before the motion hearing, Defendant filed the instant Motion to Dismiss for Lack of Prosecution (Doc. 22). Defendant's motion indicated that Plaintiff terminated her counsel in August 2023 but never retained new counsel (*Id.* at 2). Plaintiff did not respond to the several communications from the American Arbitration Association ("AAA") from 2024 to 2026, including communications with express warnings that Plaintiff's file would be closed if she fails to respond (*Id.* at 2-3). Defendant argues that Plaintiff's record of delay and abandonment of her own case show that Plaintiff has taken no steps to prosecute her claims since filing this case in August 2023 (*Id.* at 4).

At the hearing on August 18, 2026, Plaintiff's counsel confirmed that he had forwarded the ZOOM link for the hearing to Plaintiff at her last known email address and had mailed the same to Plaintiff at her last known mailing address (*See* Doc. 23). The Court also confirmed that Plaintiff's counsel had complied SDIL-LR 83.1(h) by serving a copy of the Motion to Withdraw on the Plaintiff (Doc. 23). Nevertheless, Plaintiff failed to appear for the hearing and the Court granted Plaintiff's counsel's motion to withdraw (Doc. 23).

The Court updated the docket with Plaintiff's last known mailing address and on August 18, 2026, entered an Order directing Plaintiff to respond to Defendant's Motion to Dismiss on or before September 17, 2026 (Doc. 24). In its Order, the Court specifically warned Plaintiff that not responding to Defendant's motion *will* result in this case being dismissed with prejudice (*Id.*). That date has since passed, and Plaintiff has not provided a response to Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 22).

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

Here, Plaintiff terminated her counsel in 2023, did not retain new counsel and has made no discernable effort to advance this case in any way. Plaintiff failed to comply with deadlines from the AAA or participate in the arbitration process in any meaningful way. Moreover, Plaintiff failed to appear for the hearing on her attorney's Motion to Withdraw and failed to comply with the Court's Order directing her to file a response to Defendant's Motion to Dismiss or face the consequence of dismissal. Accordingly, the Court can only conclude that Plaintiff has abandoned this case and dismissal is warranted.

## CONCLUSION

Defendant's Motion to Dismiss for Lack of Prosecution is **GRANTED** (Doc. 22) and this action is **DISMISSED with prejudice** pursuant to Rule 41(b) for failure to comply with a Court Order and failure to prosecute. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 23, 2026**

Mark A. Beatty

**MARK A. BEATTY**
**United States Magistrate Judge**

## NOTICE

Plaintiff is advised that this is a final decision ending her case in this Court. If Plaintiff wishes to contest this decision, she can appeal to the Seventh Circuit by filing a notice of appeal in the district court *within 30 days* of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). This deadline can be briefly extended upon a motion demonstrating excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Plaintiff also has the option—prior to filing a notice of appeal—of filing a post-judgment motion under Rule 59(e) or Rule 60 asking the undersigned to reconsider the judgment. Any such motion, so long as it is in proper form and timely filed, will stop the clock for filing a notice of appeal until the district court has decided the motion. FED. R. APP. P. 4(a); *Robinson v. Sweeny,* 794 F.3d 782, 783 (7th Cir. 2015). To be "proper," the motion must state the grounds for relief from the adverse judgment. *Robinson*, 794 F.3d at 783.[1] To be timely, the motion must be filed within 28 days of the entry of judgment, and that deadline *cannot* be extended. FED. R. APP. P. 4(a)(4)(A)(iv), (vi); FED. R. CIV. P. 59(b); FED. R. CIV. P. 6(b)(2); *Banister v. Davis*, 590 U.S. 504, 507 (2020). Once the motion is ruled on, the 30-day clock to file a notice of appeal will begin anew. *Banister*, 590 U.S. at

[1] *Accord Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (motion will toll time to appeal so long as it contains an identifiable and substantive reason for reconsidering); *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) (in order to toll time for filing notice of appeal, motion must comply with Rule 7.1(b)(1) and "state with particularity the grounds for seeking the order" and "the relief sought").

508 (citing Fed. R. App. P. 4(a)(4)(A)(iv)).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. Fed. R. App. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, she must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for her prison trust fund account. *See* Fed. R. App. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).